UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 21-CV-1868 (AMD) (RER)

———————————

Yocelin Morales, Individually and On Behalf of Others Similarly Situated

versus

Los Cafetales Restaurant Corp. (d/b/a Los Cafetales Bakery & Restaurant), Israel Ariza Barrios, and Carolina Bermudez

———————————

**REPORT & RECOMMENDATION**

January 3, 2023

———————————

**To The Honorable Ann M. Donnelly**
**United States District Judge**

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Yocelin Morales ("Morales" or "Plaintiff"), individually and on behalf of others similarly situated, brought this action against Los Cafetales Restaurant Corp. d/b/a Los Cafetales Bakery & Restaurant ("Los Cafetales" or "Corporate Defendant") as well as against Israel Ariza Barrios ("Barrios") and Carolina Bermudez ("Bermudez") (collectively, "Individual Defendants," and together with Corporate Defendant, "Defendants"). Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, New York Labor Law ("NYLL") §§ 190 *et seq.* and 650 *et seq.*, and the "spread of hours" and overtime wage orders in the New York Codes, Rules, and Regulations, 12 N.Y.C.R.R. § 146-1.6. (ECF No. 1 ("Compl.") ¶ 12). Currently before the Court is Plaintiff's Motion for Default Judgment (ECF No. 20 ("Pl.'s Mot.")), which Your Honor referred to me for a Report and Recommendation (ECF Order dated 08/01/2022).

1

For the reasons set forth herein, I respectfully recommend that this Motion be denied without prejudice and with leave to amend and renew in light of Plaintiff's failure to comply with Local Civil Rules 7.1 and 55.2(c) and the Servicemembers Civil Relief Act, as well as other noted considerations.

## BACKGROUND

I. <u>Factual Allegations</u>

Los Cafetales is a Colombian bakery and restaurant located at 7817 Roosevelt Avenue, Jackson Heights, New York 11372. (Compl. at 1 ¶ 2; ECF No. 20-5, Declaration of Yocelin Morales ("Morales Decl.") ¶ 3). Morales worked at Los Cafetales from May 27, 2020 until on or about March 5, 2021. (Compl. ¶¶ 1, 21, 39; Morales Decl. ¶¶ 3, 7). During her employment, Morales worked as a cashier, cook, porter, and waitress, with her non-tipped duties comprising more than twenty percent of each shift. (Compl. ¶¶ 37, 40; Morales Decl. ¶¶ 7–8). In these roles, Morales handled goods that traveled in interstate commerce, such as food and other supplies that were produced outside of New York. (Compl. ¶ 36; Morales Decl. ¶ 10). Barrios and Bermudez owned, operated, or controlled Los Cafetales (Compl. ¶ 23; Morales Decl. ¶ 4), which in 2020 and 2021, had gross annual sales of not less than $500,000 (Compl. ¶ 35). In their capacities as owners, officers, and/or agents of Corporate Defendant, Barrios and Bermudez determined Morales's wages and compensation, set her schedule, maintained her employee records, and had the authority to hire and fire her (Compl. ¶¶ 25–26, 34, 89, 100).

Morales's work schedule varied throughout her employment. She alleges that in May and June 2020, she worked four days per week from approximately 9:00 AM to 6:00 PM, and two days per week from approximately 9:00 AM to 6:30 PM—a schedule she describes as "Mondays through

Fridays."[1] (Compl. ¶ 45; Morales Decl. ¶ 11). From July to December 2020, Morales worked three weeks each month from approximately 2:00 PM to 8:00 PM on Mondays, 9:00 AM to 8:00 PM on Tuesdays and Thursdays, 9:00 AM to 9:00 PM on Fridays, and thirty minutes past her scheduled departure time at least twice per week. (Compl. ¶ 46; Morales Decl. ¶ 12). For one week each month during this period, Morales worked from approximately 2:00 PM to 8:00 PM on Mondays, 9:00 AM to 8:00 PM on Tuesdays and Thursdays, 9:00 AM to 9:00 PM on Fridays, 10:00 AM to 4:00 PM on Saturdays and Sundays, and thirty minutes past her scheduled departure time at least twice per week (Compl. ¶ 46; Morales Decl. ¶ 13). In January 2021, Morales worked from approximately 8:00 AM to 2:00 PM on Mondays, Tuesdays, Thursdays, Fridays, and three Saturdays per month; as well as on Sundays from approximately 2:00 PM to 8:00 PM; and thirty minutes past her scheduled departure time at least twice per week. (Compl. ¶ 47; Morales Decl. ¶ 14). In February 2021, she worked from approximately 10:00 AM to 4:00 PM on Mondays, Tuesdays, Thursdays, Fridays, and two Sundays per month, and thirty minutes past her scheduled departure time at least twice per week. (Compl. ¶ 48; Morales Decl. ¶ 15). Lastly, in March 2021, Morales worked from approximately 12:00 PM to 8:00 PM on Monday, 9:00 AM to 8:00 PM on Tuesday and Thursday, 9:00 AM to 11:00 PM on Friday, and thirty minutes past her scheduled departure time twice that week. (Compl. ¶ 49; Morales Decl. ¶ 16).

Morales alleges several wage violations during her employment. First, Defendants compensated Morales below the required tip-credit rate and minimum wage when they paid her only $9.00 per hour from May 2020 to September 15, 2020, and $9.50 per hour from September 16, 2020 to February 28, 2021. (Compl. ¶¶ 11, 51–52; Morales Decl. ¶¶ 18–19). In addition,

---

[1] As such, the Complaint and Plaintiff's declaration are ambiguous as to how many days and hours Morales worked per week in May and June 2020. (Compl. ¶ 45; Morales Decl. ¶ 11).

3

Morales claims that Defendants failed to pay her wages for her last week of work (Compl. ¶ 53; Morales Decl. ¶ 20); did not vary her wages when she was required to stay late (Compl. ¶ 54); did not give her any breaks or meal periods (Compl. ¶ 56; Morales Decl. ¶ 21); did not notify her that her tips were included as an offset for wages (Compl. ¶ 57; Morales Decl. ¶ 22); did not account for her tips in any daily or weekly accounting of her wages (Compl. ¶ 58; Morales Decl. ¶ 23); and improperly deducted $50 and $62.50 from her wages to balance out the cash register (Compl. ¶ 59; Morales Decl. ¶ 24). Moreover, Defendants required her to purchase uniform shirts, hats, and shoes with her own funds. (Compl. ¶ 63; Morales Decl. ¶ 25). Lastly, Defendants did not provide Morales with any notification regarding overtime and wages under the FLSA and NYLL (Compl. ¶ 60; Morales Decl. ¶ 26); with an accurate statement of wages, as required by NYLL § 195(3) (Compl. ¶ 61; Morales Decl. ¶ 27); or with any notice, in English or Spanish (Morales's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1) (Compl. ¶ 62; Morales Decl. ¶ 28).

II.   Procedural History

Morales commenced this action on April 7, 2021. (Compl.). On June 24, 2021, both Individual Defendants were served with the Summons and Complaint at their actual place of business, 7817 Roosevelt Avenue, Jackson Heights, New York 11372. (ECF Nos. 9–10). Barrios was personally served (ECF No. 9), while Bermudez was served through delivery to a person of suitable age and discretion—namely, Barrios—and by mail to this same address. (ECF No. 10). On June 25, 2021, Corporate Defendant was served through the New York Secretary of State. (ECF No. 8).

Following several months without any further activity on this case, I issued an order indicating that "(a) the parties must file a stipulation extending the defendants time to answer, (b) the plaintiff must file a motion for the entry of a notation of default or (c) the defendants must file an answer."

4

(ECF Order dated 11/5/2021). I also directed Plaintiff's counsel to provide a copy of this order to their client and Defendants. (*Id.*). Nothing in the record indicates that Plaintiff's counsel complied with this order by the requisite deadline.[2] However, another several months later, Plaintiff requested a certificate of default (ECF Nos. 16–17), which the Clerk of the Court entered on June 6, 2022, after Defendants failed to appear or otherwise defend the action (ECF No. 19). Then, on June 24, 2022, Plaintiff moved for default judgment. (Pl.'s Mot.). In her Motion, Plaintiff seeks damages for unpaid overtime, unpaid spread of hours, statutory wage violations, liquidated damages, and interest. (Pl.'s Mot.; *see also* Compl. at 20–22; ECF No. 20-1, Declaration of Frank J. Palermo, Esq. in Support of Order for Judgment by Default ("Palermo Decl.") at 9–15).

## DISCUSSION

I.  Default Judgment Legal Standard

Rule 55 of the Federal Rules of Civil Procedure requires "a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). Under the first step, a plaintiff must obtain an entry of default from the clerk of the court when a defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step requires the plaintiff to apply to the court for a default judgment. Fed. R. Civ. P. 55(b).

When a party defaults, a court must accept the plaintiff's well-pleaded factual allegations as true. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). On a plaintiff's motion, a court may only "enter a default judgment if liability is established as a matter of law when the

---

[2] This order coincided with upheaval at the firm of Plaintiff's counsel, Michael Faillace. The week following my Order, Faillace was suspended from practice by the Southern District of New York. (ECF No. 12-1). Your Honor then ordered Faillace's suspension from practice in the Eastern District of New York pursuant to Local Rule 1.5. (Order dated 11/9/2021, *In Re: Michael A. Faillace*, No. 21-MC-3192 (AMD)). Faillace withdrew from the law firm representing Plaintiff, which subsequently began operating under the name CSM Legal, P.C. and continues to represent Plaintiff in this case. (ECF No. 12-1).

factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (citing *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011)). "Defaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (citations omitted); *see also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993) (noting the Second Circuit's "oft-stated preference for resolving disputes on the merits").

A party's default is considered "a concession of all well pleaded allegations" but "not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A court may determine damages through an evidentiary proceeding, but a hearing is not required. *Fermin v. Las Delicias Peruanas Rest.*, 93. F. Supp. 3d 19, 29 (E.D.N.Y. 2015) (citing Fed. R. Civ. P. 55(b)(2); *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)). Damages granted cannot exceed what is requested in the pleadings, Fed. R. Civ. P. 54(c), and "must be ascertained 'with reasonable certainty.'" *Fermin*, 93 F. Supp. 3d. at 30 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

    II.    <u>Plaintiff's Motion Should be Denied for Failure to Comply with Local Civil Rules and with the Servicemembers Civil Relief Act</u>

A motion for default judgment may be denied if the movant fails to follow all applicable procedural rules. *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017); *see also Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."). Indeed, "courts in the Eastern

6

and Southern Districts regularly deny [default judgment] motions when strict procedural compliance is lacking." *United States v. Hamilton*, No. 18-CV-2011 (ADS) (SIL), 2019 WL 6830318, at *2 (E.D.N.Y. Nov. 26, 2019), *adopted by* 2019 WL 6828276 (Dec. 13, 2019).

A.  Local Civil Rule 7.1

Plaintiff's Motion for Default Judgment violates Local Civil Rule 7.1 as Plaintiff failed to submit a memorandum of law. This rule requires that all motion papers contain, *inter alia*, "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined." Loc. Civ. R. 7.1(a)(2). Although courts are not required to deny a motion for failure to comply with Local Rule 7.1, this procedural violation may warrant a denial, especially when accompanied by other shortcomings. *See Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 WL 5561033, at *2 n.4 (E.D.N.Y. Sept. 1, 2015), *adopted by* 2015 WL 5561180 (Sept. 21, 2015); *see also, e.g.*, *Guangzhou Yongjia Garment Mfg. Co. v. Zoomers Inc.*, No. 19-CV-2759 (NGG) (LB), 2020 WL 5578936, at *5 (E.D.N.Y. Aug. 28, 2020) (recommending that a motion for default judgment not be considered in part for failure to include a memorandum of law), *adopted by* 2020 WL 5577706 (Sept. 17, 2020); *Pompey v. 23 Morgan II, LLC*, No. 16-CV-2065 (ARR) (PK), 2017 WL 1102772, at *3 (E.D.N.Y. Feb. 13, 2017) (denying a motion for default judgment in part for submitting a "cursory" memorandum of law that cited only two cases).

Moreover, courts in the Second Circuit may ignore legal arguments contained in declarations and affidavits. *See, e.g.*, *Timothy Coffey Nursery Landscape Inc. v. Soave*, No. 17-CV-1436 (SJF) (ARL), 2018 WL 11211498, at *1 n.1 (E.D.N.Y. Jan. 8, 2018) (declining to consider attorney affirmations "to the extent these materials [improperly] contain legal argument"), *aff'd*, 760 F.

7

App'x 58 (2d Cir. 2019); *Dejana Indus., Inc. v. Vill. of Manorhaven*, No. 12-CV-5140 (JS) (SIL), 2015 WL 1275474, at *3 (E.D.N.Y. Mar. 18, 2015) ("[U]nder Local Civil Rule 7.1, legal argument must be set forth in a memorandum of law, not in an attorney affirmation."); *Dell's Maraschino Cherries Co. v. Shoreline Fruit Growers, Inc.*, 887 F. Supp. 2d 459, 465 n.3 (E.D.N.Y. 2012) ("Placing legal argument in an affidavit is plainly improper, and the Court will only consider the facts in the affidavit that are based on . . . personal knowledge . . . ."); *King v. Pension Tr. Fund of Pension, Hospitalization & Benefit Plan of Elec. Indus.*, No. 01-CV-2604 (ILG), 2003 WL 22071612, at *8 (E.D.N.Y. Sept. 5, 2003) ("[L]egal argument[s] in an affidavit or declaration . . . are ignored since they presumably are present (or should be) in the memoranda of law . . . ."), *aff'd*, 131 F. App'x 740 (2d Cir. 2005).

Here, the attorney declaration submitted on behalf of Plaintiff's Motion does not take the place of the memorandum of law required by Local Rule 7.1. Accordingly, Plaintiff's failure to include a memorandum of law weighs in favor of denying Plaintiff's Motion for Default Judgment.

B.  Local Civil Rule 55.2(c)

The Local Rules in the Eastern District require that "all papers submitted to the Court . . . be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)." Loc. Civ. R. 55.2(c). Moreover, "[p]roof of such mailing shall be filed with the Court." *Id.* This rule aims to promote "fairness and efficiency" for all parties. *Miss Jones, LLC v. Viera*, No. 18-CV-1398 (NGG) (SJB), 2019 WL 926670, at *4 (E.D.N.Y. Feb. 5, 2019) (citations omitted), *adopted by* 2019 WL 955279 (Feb. 26, 2019). The Eastern District strictly construes this rule such that "failure to comply with Local Rule 55.2 warrants denial of the motion for default judgment." *Allstate Ins. Co. v. Abramov*, No. 16-CV-1465 (AMD) (SJB), 2019 WL 1177854, at

8

\*3 (E.D.N.Y. Feb. 21, 2019), *adopted by* 2019 WL 1172381 (Mar. 13, 2019); *see also Reyes-Fana v. Moca Grocery NY Corp.*, No. 21-CV-4493 (AMD) (RER), 2022 WL 5428688, at \*4 (E.D.N.Y. Aug. 16, 2022) ("[T]here is no reason to believe Individual Defendants have received actual, fair notice of the Motion for Default Judgment against them, [so] the Court will not overlook Plaintiff's failure to comply with Local Rule 55.2(c)."), *adopted by* 2022 WL 4094241 (Sept. 7, 2022); *Tenemaza v. Eagle Masonry Corp.*, No. 20-CV-452 (AMD) (VMS), 2021 WL 8317120, at \*4 (E.D.N.Y. July 22, 2021) ("The absence of proof that 'all papers submitted to the Court' were mailed to Defendants counsels against granting Plaintiff's motion for default judgment.").

Here, there is no indication in the record that Plaintiff mailed or delivered the default judgment papers to Defendants, or that Defendants otherwise received actual, fair notice of this Motion. Accordingly, Plaintiff must provide Defendants with proper notice of this Motion consistent with Local Rule 55.2(c) before this Court rules on its merits.

### III. Servicemembers Civil Relief Act

Plaintiff's Motion does not comply with the Servicemembers Civil Relief Act. In a default judgment action, a plaintiff is required to file an affidavit that states whether the defendant is serving in the military and must show necessary facts in support of the affidavit. 50 U.S.C. § 3931(b)(1). "[A] proper non-military affidavit must be based on facts adduced from an investigation conducted *after a defendant defaults*." *Sudilovskiy v. City WAV Corp.*, No. 22-CV-469 (DG) (RLM), 2022 WL 4586307, at \*3 (E.D.N.Y. Sept. 29, 2022) (emphasis added); *see also Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5365 (ENV) (RER), 2012 WL 1901266, at \*1 (E.D.N.Y. May 18, 2012) (quoting *J & J Sports Prods. Inc. v. Martinez*, No. 07-CV-3455 (ENV) (RER) (E.D.N.Y. Feb. 13, 2009)) ("The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default

9

in appearance by the party against whom the default judgment is to be entered."); *Uribe v. Nieves*, No. 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1 (E.D.N.Y. Sept. 26, 2018) ("The affidavit must provide the specific facts necessary to support the conclusion stated, and may not be based on conclusory statements or on 'information and belief.'"). A plaintiff's failure to submit a proper nonmilitary affidavit or otherwise comply with this Act is grounds to deny a motion for default judgment. *Uribe*, 2018 WL 4861377, at *1.

Here, the record does not establish compliance with this Act. Although the process server asked Barrios directly about whether he and Bermudez were in active military service and received a negative reply, this cursory investigation took place prior to Defendants' default. (ECF Nos. 9, 10). Moreover, Plaintiff's assertion that "[t]o [her] knowledge Defendants Israel Ariza Barrios and Carolina Bermudez are not in the military service of the United States" (Morales Decl. ¶ 6) fails to provide any specific facts to support her conclusion. Thus, Plaintiff has not yet demonstrated compliance with the Servicemembers Civil Relief Act.[3]

  IV. <u>Plaintiff Must Remedy Inconsistent Pleadings and Requests for Attorney's Fees and Costs to Justify Relief</u>

Three additional issues concerning Plaintiff's inconsistent pleadings and request to recover attorney's fees and costs should be addressed prior to this Motion's renewal.

  A. <u>Inconsistent Pleadings</u>

"[A] fact is not well-pleaded if it is inconsistent with other allegations in the complaint or with other facts of which the court can take judicial notice." *Wilmington PT Corp. v. Gray*, No. 19-CV-01675 (AMD) (JO), 2020 WL 7296858, at *3 (E.D.N.Y. Dec. 11, 2020) (quoting *Hop Hing*

---

[3] It is possible to obtain a report certifying active-duty military status through the Servicemembers Civil Relief Act website. *See* https://scra.dmdc.osd mil/scra.

10

*Produces Inc. v. Lin Zhang Trading Co.*, No. 11-CV-03259, 2013 WL 3990761, at *3 (E.D.N.Y. Aug. 5, 2013)); *J & J Sports Productions, Inc. v. Ferreiras*, No. 15-CV-6546, 2018 WL 6168557, at *14 (E.D.N.Y. Nov. 20, 2018) (finding that complaint's allegations were not well-pled and default judgment should be denied when supporting affidavits contradicted the complaint). When typographical errors in the pleadings are "clear and inconsequential," courts frequently disregard them. *See, e.g.*, *SEC v. Scott*, No. 13-CV-5113 (DLI) (VMS), 2015 WL 13742024, at *6 n.5 (E.D.N.Y. July 15, 2015) (overlooking a typographical error wherein the plaintiff once referred incorrectly to "17 C.F.R. § 140.10b-5" but otherwise referred correctly to "17 C.F.R. § 240.10b-5"); *Reliance Commc'ns. LLC v. Retail Store Ventures, Inc.*, No. 12-CV-2067 (ADS) (AKT), 2013 WL 4039378, at *1 n.2 (E.D.N.Y. Aug. 7, 2013) (overlooking a typographical error wherein an incorrect entity's name was used in place of the defendant's name in one cause of action but the correct name was otherwise used throughout the pleading). Further inconsistencies between the complaint and other pleadings may affect a court's determination of damages. *See Guaman v. Krill Contracting, Inc.*, No. 14-CV-4242 (FB) (RER), 2015 WL 3620364, at *8 (E.D.N.Y. June 9, 2015) (finding it improper to award damages alleged in the plaintiff's declaration when they contradicted the damages alleged in the complaint); *Lopez v. Cajmant LLC*, No. 15-CV-593 (ENV) (RER), 2020 WL 9814059, at *6 n.9 (E.D.N.Y. Oct. 26, 2020) (disregarding plaintiff's damages spreadsheet when it was inconsistent with allegations in the amended complaint).

Here, the papers submitted in support of Plaintiff's Motion are rife with errors and inconsistencies. Most of these are typographical and inconsequential, such as replacing one party's name with another. (*E.g.*, Palermo Decl. at 4 & ¶¶ 1, 19, 23 (referring to "Plaintiff LUIS LOPEZ" or "Plaintiff Lopez"; *id.* ¶¶ 13–18 (using first-person pronouns so that it reads as if Plaintiff's attorney worked at Los Cafetales)). Several errors misstate the record. (*E.g.*, Morales Decl. ¶ 4

11

(referring to Los Cafetales as "a bar"); *compare* Compl. (filed on April 7, 2021) *with* Palermo Decl. ¶ 6, at 3 (attesting that complaint was filed on March 7, 2021); *compare* ECF No. 8 (affidavit of service showing service on June 25, 2021) *with* Palermo Decl. at 3 ¶ 1 (attesting that Los Cafetales was served on January 25, 2021)). Of greater concern are the instances wherein the pleadings contradict each other and constrain the Court's ability to calculate damages. (*Compare* Compl. ¶ 6 (stating that "[a]t all times relevant to this Complaint, Plaintiff Morales worked for Defendants in excess of 40 hours per week") *with* Compl. ¶¶ 47–48 (indicating that in January and February 2021, Morales worked fewer than forty hours per week); *compare* Compl. ¶¶ 46–49 (stating a typical number or range of hours worked each week) *with* ECF No. 20-6 (calculating damages based on an average number of hours worked each week); *see also* supra note 1). These errors throughout Plaintiff's pleadings demand attention and correction before proceeding.

B. <u>Attorney's Fees</u>

Plaintiff's request for attorney's fees reflects hourly rates that are higher than what this Court typically allows and exceed what I would recommend. Courts in this District have found an hourly rate of $350, as requested for attorneys Catalina Sojo and Frank Palermo (ECF No. 20-7; Palermo Decl. at 15), likewise exceeds what is typically allowed. *See, e.g.*, *Sevilla v. House of Salads One LLC*, No. 20-CV-6072 (PKC) (CLP), 2022 WL 954740, at *12 (E.D.N.Y. Mar. 30, 2022) (finding $175 to be a reasonable rate for Catalina Sojo given her less than two years of experience litigating FLSA cases). An hourly rate of $150 for unnamed paralegals (ECF No. 20-7; Palermo Decl. at 15) is likewise excessive. *See Diaz v. Rene French Cleaners, Inc.*, No. 20-CV-3848 (RRM) (RER), 2022 WL 4646866, at *14 (E.D.N.Y. Aug. 29, 2022) (finding that even an hourly rate of $100 was "on the high end" of ordinary rates for paralegals in FLSA cases and recommending a rate of $75 when the "[p]laintiffs provide[d] no names or qualification for the paralegal or paralegals who

12

performed [the] work"), *adopted by* 2022 WL 4662247 (Sept. 30, 2022); *De la Cruz Casarrubias v. Surf Ave Wine & Liquor Inc.*, No. 20-CV-3003 (AMD) (RLM), 2021 WL 2227977, at *12 (E.D.N.Y. May 11, 2021) (same), *adopted by* 2021 WL 2223275 (June 2, 2021). The simple nature of this case and errors throughout Plaintiff's pleadings may likewise warrant lower fees. *See id.* at *12 (recommending a lower hourly rate than that requested "given the default posture of this case, and the various errors in plaintiff's submissions").

C. Attorney's Costs

Plaintiff may not recover the amount they seek for service costs without providing additional documentation. The party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-cv-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (quoting *Pennacchio v. Powers*, No. 05-cv-985 (RRM) (RML), 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)). Thus, parties may not recover their costs when they fail to submit supporting documentation. *See, e.g.*, *Saavedra v. Twin Kitty Bakery Corp.*, No. 18-CV-00932 (PKC) (PK), 2021 WL 1394487, at *19 (E.D.N.Y. Feb. 16, 2021), *adopted by* 2021 WL 1169321 (Mar. 29, 2021) (recommending that the "[p]laintiffs not be awarded the costs of the process servers" when no supporting documentation was submitted); *Singh v. All Empire Bldg. Contractors, Inc.*, No. 20-CV-2736 (DRH) (AYS), 2021 WL 3055858, at *9 (E.D.N.Y. June 30, 2021) (recommending judicial notice of the court's filing fee but denial of request for cost recovery due to plaintiff's "fail[ure] to submit sufficient invoices, receipts, or other documentary proof"), *adopted by* 2021 WL 3054963 (July 20, 2021); *Xin Long Lin v. New Fresca Tortillas, Inc.*, No. 18-CV-3246 (RJD) (RER), 2019 WL 3716199, at *10 (E.D.N.Y. May 1, 2019) (denying recovery of service costs without supporting documentation), *adopted by* 2019 WL 3714600 (May 28, 2019). An attorney's time records are inadequate to support cost recovery.

*See Guaman*, 2015 WL 3620364, at *14 (finding notations in attorney's time records denoting "service of process" to be insufficient to support a request for this cost). Thus far, Plaintiff has only offered counsel's invoice as proof of the cost of service. Accordingly, full recovery of this expense may be denied unless additional documentation is provided.

## **CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Motion be denied without prejudice to the extent set forth in this Report and Recommendation. Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Ann M. Donnelly within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

**/s/ Ramon E. Reyes, Jr.**

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: January 3, 2023
Brooklyn, NY