# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 21-CV-1868 (AMD) (RER)

Yocelin Morales,

versus

Los Cafetales Restaurant Corp. (d/b/a Los Cafetales Bakery & Restaurant), Israel Ariza Barrios, and Carolina Bermudez

**REPORT & RECOMMENDATION**

October 12, 2023

To The Honorable Ann M. Donnelly
United States District Judge

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Yocelin Morales ("Plaintiff" or "Morales") brings this action against Los Cafetales Restaurant Corp. d/b/a Los Cafetales Bakery & Restaurant ("Los Cafetales" or "Corporate Defendant"), as well as against Israel Ariza Barrios ("Barrios") and Carolina Bermudez ("Bermudez") (collectively, "Individual Defendants," and together with Corporate Defendant, "Defendants").[1] (ECF No. 1 ("Compl.")). Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, New York Labor Law ("NYLL") §§ 190 *et seq.* and 650 *et seq.*, and the "spread of hours" and overtime wage orders in the New York Codes, Rules, and Regulations, 12 N.Y.C.R.R. § 146-1.6. (Compl.). Before the Court is Plaintiff's Second Motion for Default Judgment (ECF No. 30 ("Pl. Mot.")), which Your Honor referred to me for a Report

---

[1] Morales initially brought this case also as a collective action pursuant to 29 U.S.C. § 216. (*See* Compl.) Due to Defendants' default, however, she proceeds only in her individual capacity.

and Recommendation. (Order dated 4/24/2023). After carefully reviewing the record, and for the reasons set forth herein, I respectfully recommend that Plaintiff's motion be granted.

## BACKGROUND

I. Factual Background

Los Cafetales is a Columbian bakery and restaurant located at 7817 Roosevelt Ave., Jackson Heights, New York 11372. (Compl. ¶ 23). Barrios and Bermudez are owners, officers, and/or agents of Los Cafetales. (*Id.* ¶¶ 25–26). Both Individual Defendants possessed operational control and oversaw significant functions of the restaurant, such as establishing employee wages, schedules, and records, as well as retaining the authority to hire and fire employees. (*Id.*). Plaintiff Morales worked at Los Cafetales from approximately May 27, 2020, through March 5, 2021, as a cashier, cook, porter, and waitress, with her non-tipped duties comprising approximately twenty percent of her work. (*Id.* ¶¶ 39–42).

Throughout her employment, Plaintiff worked a variety of schedules. According to the Complaint, from May through June 2020, Plaintiff worked four days a week from 9 A.M. to 6 P.M. and two days a week from 9 A.M. to 6:30 P.M.[2] (Compl. ¶ 45). From July to December 2020, Morales worked three weeks each month from approximately 2:00 P.M. to 8:00 P.M. on Mondays, 9 A.M. to 8 P.M. on Tuesdays and Thursdays, 9 A.M. to 9 P.M. on Fridays, and thirty minutes past her scheduled departure time at least twice per week. (*Id.* ¶ 46). For one week each month during this period, Morales worked from approximately 2 P.M. to 8 P.M. on Mondays, 9 A.M. to 8 P.M. on Tuesdays and Thursdays, 9 A.M. to 9 P.M. on Fridays, 10 A.M. to 4 P.M. on Saturdays and Sundays, and thirty minutes past her scheduled departure time at least twice per week. (*Id.* ¶

---

[2] The Complaint states that these six days were worked "Mondays through Fridays (typically 55 hours per week)." (Compl. ¶ 45). Fifty-five hours is the sum of hours worked if Plaintiff indeed worked according to this six-day per week schedule. The Court believes that the reference to "Mondays through Fridays" was in error and should have been "Mondays through Saturdays."

2

46). In January 2021, Morales worked from approximately 8 A.M. to 2 P.M. on Mondays, Tuesdays, Thursdays, Fridays, and three Saturdays per month; as well as on Sundays from approximately 2 P.M. to 8 P.M.; and thirty minutes past her scheduled departure time at least twice per week. (*Id.* ¶ 47). In February 2021, she worked from approximately 10 A.M. to 4 P.M. on Mondays, Tuesdays, Thursdays, Fridays, and two Sundays per month, and thirty minutes past her scheduled departure time at least twice per week. (*Id.* ¶ 48). Lastly, from March 1-5, 2021, Morales worked from approximately 12 P.M. to 8 P.M. on Monday, 9 A.M. to 8 P.M. on Tuesday and Thursday, 9 A.M. to 11 P.M. on Friday, and thirty minutes past her scheduled departure time twice that week. (*Id.* ¶ 49).

Morales alleges several wage violations. First, Defendants compensated Morales below the minimum wage by paying her only $9.00 per hour from May 2020 to September 15, 2020, and $9.50 per hour from September 16, 2020, to February 28, 2021. (*Id.* ¶¶ 11, 51–52). Additionally, Morales claims that Defendants failed to pay her any wages for her last week of work (*id.* ¶ 53); did not vary her wages when she stayed late (*id.* ¶ 54); did not give her breaks or meal periods (*id.* ¶ 56); did not notify her that her tips were included as an offset for wages (*id.* ¶ 57); did not account for her tips in any daily or weekly accounting of her wages (*id.* ¶ 58); and improperly deducted $50 and $62.50 from her wages to balance out the cash register (*id.* ¶ 59). Furthermore, Plaintiff was required to purchase uniform shirts, hats, and shoes with her own funds. (*Id.* ¶ 63). Lastly, Defendants did not provide Morales with an overtime wage notification as required under the FLSA and NYLL (*Id.* ¶ 60); an accurate statement of wages, as required by NYLL § 195(3) (*Id.* ¶ 61); or any notice, in English or Spanish (Morales's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1) (*Id.* ¶ 62).

II.    Procedural History

Plaintiff commenced this action on April 7, 2021. (Compl.). On June 24, 2021, both Individual Defendants were served with the Summons and Complaint at their actual place of business. (ECF Nos. 9–10). Barrios was personally served (ECF No. 9), while Bermudez was served through delivery to a person of suitable age and discretion—namely, Barrios—and by mail to this same address. (ECF No. 10). On June 25, 2021, Corporate Defendant was served through the New York Secretary of State. (ECF No. 8).

Following several months without any further activity on this case, I issued an order indicating that "(a) the parties must file a stipulation extending the defendants time to answer, (b) the plaintiff must file a motion for the entry of a notation of default or (c) the defendants must file an answer." (Order dated 11/5/2021). I also directed Plaintiff's counsel to provide a copy of this order to their client and Defendants. (*Id.*). Nothing in the record indicates that Plaintiff's counsel complied with this order by the requisite deadline, but at the same time, Plaintiff's counsel was handling an upheaval at their firm. (*See* Order dated 11/9/2021, *In Re: Michael A. Faillace*, No. 21-MC-3192 (AMD)). Another several months later, Plaintiff requested a certificate of default (ECF Nos. 16–17), which the Clerk of the Court entered on June 6, 2022. (ECF No. 19). On June 24, 2022, Plaintiff moved for default judgment (ECF No. 20), which was denied due to failure to comply with Local Civil Rule 7.1, Local Civil Rule 55.2(c), and the Servicemembers Civil Relief Act. (ECF No. 21). The Court also took issue with inconsistent pleading and the amount requested for attorney's fees and costs. (*Id.*)

Following two requests for extensions, on April 21, 2023, Plaintiff filed a second motion for default judgment. (Pl. Mot.). Defendants have still failed to appear or otherwise defend the action. In her Motion, Plaintiff seeks damages for unpaid minimum and overtime wages, unpaid spread-

4

of-hours wages, statutory wage violations, liquidated damages, and interest. (ECF No. 31-13 ("Pl. Mem."); *see also* Compl. ¶¶ 20–22). Alongside the motion, Plaintiff submitted a memorandum of law in compliance with Local Civil Rule 7.1 and two affidavits of due diligent inquiry stating that neither Individual Defendant is affiliated with the United States military. (*See* Pl. Mem.; ECF Nos. 31-7, 31-8). Subsequently, the Court issued an Order to Show Cause for proof of compliance with Local Civil Rule 55.2(c). (Order dated 9/11/2023). Plaintiff filed proof of certificate of service one week later. (ECF No. 33).

## DISCUSSION

I. Defendants Are in Default

Federal Rule of Civil Procedure 55 requires "a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, a court clerk must enter a party's default after an affidavit or other evidence demonstrates that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Next, the plaintiff must request a default judgment. Fed. R. Civ. P. 55(b). To evaluate a motion for default judgment, a court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citation omitted); *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Then, a court determines whether the factual allegations establish the defendant's liability as a matter of law. *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Finkel*, 577 F.3d at 84).

To succeed on FLSA and NYLL claims, a plaintiff must establish that 1) a non-exempt employer-employee relationship exists between the parties and 2) she was inadequately compensated for her work. *Diaz v. Rene French Cleaners, Inc.*, No. 20-CV-3848 (RRM) (RER),

2022 WL 4646866, at *4 (E.D.N.Y. Aug. 29, 2022) (citations omitted), *adopted by* 2022 WL 4662247 (Sept. 30, 2022); *see also Guardado v. 13 Wall Street, Inc.*, No. 15-CV-2482 (DRH) (SIL), 2016 WL 7480358, at *5 (E.D.N.Y. Dec. 2, 2016) ("if a court in this Circuit has already found liability under the FLSA, it will routinely impose liability for a violation of the NYLL"), *adopted by* 2016 WL 7480363 (Dec. 29, 2016). Here, the Plaintiff adequately alleges in her Complaint and submissions in support of this motion for default judgment that Defendants constitute employers, that she is a non-exempt employee, and that she was not properly compensated. (*See generally* Compl.). Those submissions, along with the fact that Defendants are in default, establish that Defendants are jointly and severally liable under the FLSA and NYLL.[3]

II. <u>Damages</u>

Plaintiffs must demonstrate "that the compensation sought relate to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158–59. While damages are limited to the amount and type demanded in the pleadings, a court may rely on "detailed affidavits or documentary evidence" to determine the amount of damages. *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); Fed. R. Civ. P. 54(c). "In an FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct." *Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08 Civ. 6071 (SAS) (AJP), 2009 WL 289653, at *3 (S.D.N.Y. Jan. 30, 2009), *adopted by* 2009 WL 513371 (Feb. 27, 2009).

---

[3] Defendants are jointly and severally liable because Corporate Defendant engaged in interstate commerce and had an annual gross volume of sales of $500,000 or more (Compl. ¶¶ 35–36); the Individual Defendants had the authority to hire and fire employees and controlled working conditions, employment policies and practices, schedules, and compensation (*id.* ¶¶ 25–26, 30); and Plaintiff does not allege any facts indicating that she is an exempt employee (*See id.* ¶¶ 39–63). *See, e.g., Marine v. Vieja Quisqueya Restaurant Corp.*, No. 20-CV-4671 (PKC) (RML), 2022 WL 17820084, at *3–4 (Sept. 8, 2022), *adopted by* Order dated 9/23/2022.

6

Here, in addition to the Complaint, Plaintiff submitted a sworn declaration stating the hours she worked, wages she was paid, and dates of her employment, which is enough to calculate damages. (ECF No. 31-6 ("Pl. Decl.")). Plaintiff seeks damages including: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid spread-of-hours, (4) statutory damages for wage notice and wage statement violations, (5) reimbursements for unlawful deductions and purchasing tools of the trade, (6) liquidated damages, (7) pre-judgment interest, (8) post-judgment remedies, and (9) attorneys' fees and costs. (Compl. at 20–22; Pl. Mem. at 8–18).

When a plaintiff makes claims under the FLSA and NYLL, they are "not entitled to recover twice for the same injury." *Charvac v. M & T Project Managers of New York, Inc.*, 12-CV-05637 (CBA) (RER), 2015 WL 5475531, at *4 (E.D.N.Y. June 17, 2015) (quotation omitted), *adopted by* 2015 WL 5518348 (Sept. 17, 2015). Instead, a plaintiff is "entitled to the damages under the statute that affords the greater recovery." *Lin v. New Fresca Tortillas*, No. 18-CV-3246 (RJD) (RER), 2019 WL 3716199, at *2 (E.D.N.Y. May 1, 2019), *adopted by* 2019 WL 3714600 (May 29, 2019). Non-willful FLSA violations are governed by a two-year statute of limitations, while the NYLL is subject to a six-year statute of limitations, regardless of willfulness. 29 U.S.C. § 255(a); N.Y. Lab. Law §§ 198(3), 663(3). Here, the earliest alleged violation occurred in May 2020, and the Complaint was brought in April 2021 (Compl. ¶ 21), so the allegations are covered by both statutes. The NYLL provides the greatest recovery because it has a higher minimum wage rate and allows plaintiffs to recover for spread-of-hour violations. 29 U.S.C. § 206(a); 29 U.S.C. § 218 (the federal statute does not preempt a state from setting higher standards); N.Y. Lab. Law ¶ 652(a)(i)–(ii); N.Y.C.R.R. tit. 12, § 142–2.4. Accordingly, damages are awarded under the NYLL.

For the reasons set forth below, I respectfully recommend that Plaintiff be awarded a total of $41,489.70 in damages, comprised of: (1) $12,741.50 in unpaid minimum, overtime, and spread-of-hours wages, (2) $10,000 for wage notice and statement violations, (3) $642.50 for reimbursements from purchasing tools of the trade and unauthorized wage deductions, (4) $12,741.50 for liquidated damages, and (5) $4,413 in attorney's fees and $951.20 in costs, in addition to pre-judgment interest on $12,741.50 at a rate of nine percent per year from October 15, 2020, until the date final judgment is entered and the fifteen percent increase on damages under the NYLL if damages remain unpaid and no appeal is pending after ninety days.

A. <u>Unpaid Minimum and Overtime Wages under the FLSA and NYLL</u>

Plaintiff seeks unpaid minimum and overtime wages. (Compl. ¶¶ 88–107). "Under the FLSA and the NYLL, employers are required to pay employees a certain minimum wage, as well as overtime wages of one-and-one-half times their regular rate of pay for all hours worked in excess of forty hours in any given week." *Santos v. Cancun and Cancun Corp.*, No. 21-CV-0192 (LDH) (RER), 2022 WL 1003812, at *5 (citing 29 U.S.C. § 207(a); NYLL § 651; 12 NYCRR § 142-2.2), *adopted by* Order dated 03/31/2022. In some circumstances, employers "may apply a tip credit against the full minimum wage that would otherwise be owed to an employee, such as a waiter, who regularly receives tips." *Fermin v. Las Delicias Peruanas Rest., Inc*., 93 F. Supp. 3d 19, 38 (E.D.N.Y. 2015) (citing 29 U.S.C. § 203(m); N.Y. Comp. Codes R. & Regs. Tit. 12, § 146–1.3). However, for the tip credit to apply, employers must provide notice to their employees. *Id.* at 39.

Here, the tip credit is inapplicable. Although Plaintiff's duties included waitressing, she was also a cashier, cook, and porter. (Compl. ¶ 40). She asserts that she spent over twenty percent of each shift performing non-tipped duties. (*Id.* ¶¶ 5, 40–42). Throughout her employment, Plaintiff was paid $9 or $9.50 per hour, regardless of her duties or whether she worked overtime, and she

8

was not compensated at all for her last week of work. (*Id.* ¶¶ 51–53). Morales claims that she never received an accounting that showed her tips, nor was she ever notified that tips were included as an offset for her wages. (*Id.* ¶ 57–58). Thus, Defendants are not eligible for the tip credit, and the standard minimum wage and overtime wage rates apply to Plaintiff's claims. *See Fermin*, 98 F. Supp. 3d at 39.

1. *Unpaid Minimum Wages*

Since 2019, the statutory minimum wage for all employers in New York City is $15 per hour. N.Y. Lab. Law ¶ 652(a)(i)–(ii). Courts calculate unpaid minimum wages owed to plaintiffs "by subtracting the hourly rate paid to [p]laintiffs each week from New York's minimum wage rate." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 126 (E.D.N.Y. 2011). The difference is then "multiplied by … the number of hours plaintiff worked each week," which is then "multiplied by … the number of weeks falling within" the relevant pay period. *Peralta v. M & O Iron Works, Inc.*, No. 12-CV-3179 (ARR) (RLM), 2014 WL 988835, at *8 (E.D.N.Y. Feb. 19, 2014), *adopted by* Order dated 3/12/2014. Plaintiff supplied estimated hours and reported wages for various time periods.[4] (Compl. ¶¶ 45–53). Based on this and the statutory minimum wage, the Court calculated the amount of unpaid minimum wage is as follows:

---

[4] For the period of May 27, 2020, through June 30, 2020, Plaintiff's Complaint and Sworn Declaration lay out two different work schedules. (Compl. ¶ 45; Pl. Decl. ¶ 17). The schedule in the Complaint alleges that Plaintiff worked fifty-five hours per week, while the Declaration states that she worked sixty-seven hours per week. (*Id.*). This is the only instance where Plaintiff's declaration differs from what is stated in the Complaint. Because damages are limited to the amount demanded in the pleadings (Fed. R. Civ. P. 54(c)), the Court calculates damages owed based on the hours alleged in the Complaint.

| Pay Period | Actual Regular Hourly Rate | Applicable Statutory Minimum Wage | Statutory Min. – Regular Rate | Hours Worked per Week[5] | Weeks Worked | Unpaid Minimum Wages |
|---|---|---|---|---|---|---|
| 5/17/2020-6/30/2020 | $9.00 | $15.00 | $6.00 | 55 | 5 | $1,650.00 |
| 7/1/2020-9/15/2020 | $9.00 | $15.00 | $6.00 | 41 | 8 | $1,968.00 |
| 7/1/2020-9/15/2020 | $9.00 | $15.00 | $6.00 | 53 | 3 | $954.00 |
| 9/16/2020-12/31/2020 | $9.50 | $15.00 | $5.50 | 41 | 12 | $2,706.00 |
| 9/16/2020-12/31/2020 | $9.50 | $15.00 | $5.50 | 53 | 3 | $874.50 |
| 1/1/2021-1/31/2021 | $9.50 | $15.00 | $5.50 | 34 | 4 | $748.00 |
| 2/1/2021-2/28/2021 | $9.50 | $15.00 | $5.50 | 28 | 4 | $616.00 |
| 3/1/2021-3/5/2021 | $0.00 | $15.00 | $15.00 | 45 | 1 | $675.00 |
| | | | | | **Total Unpaid Minimum Wages** | $10,191.50 |

Accordingly, Plaintiff is entitled to recover $10,191.50 for her hourly rates that were less than the statutory minimum wage.

2. *Unpaid Overtime Wages*

Under the FLSA and NYLL, an employer must "pay employees a 50 percent premium for their overtime hours—that is, the hours in excess of 40 that they worked in each work week." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 90 (E.D.N.Y. 2012) (citing 29 C.F.R. § 778.105; 12 N.Y.C.R.R. § 146-1.4); *see also* 29 U.S.C. § 207(a); 12 N.Y.C.R.R. § 142-2.2. When an employee's regular hourly rate "is below the required minimum wage, the employee's overtime rate is calculated using the required minimum wage as the 'regular rate.'" *Peralta*, 2014 WL 988835, at *7 (citation omitted); *see* N.Y. Comp. Codes R. & Regs. tit. 12 § 142–2.2 (incorporating

---

[5] Plaintiff alleges that from July through December 2020, she worked three weeks each month for forty-one hours, and one week each month for fifty-three hours. (Compl. ¶ 46). In the damages calculations provided by Plaintiff's attorneys (ECF No. 31-9), rather than separate these schedules, it appears that the weekly hours were averaged. Instead, the Court has separated the time periods into three weeks with forty-one hours worked, and one week with fifty-three hours per month for July through December 2020. Additionally, for the periods of January 1, 2021, through January 31, 2021, and February 1, 2021, through February 28, 2021, Plaintiff alleges a range of hours worked per week. (Compl. ¶¶ 47–48). The Court has used the median number in each respective range for its calculations.

the FLSA, which mandates overtime to be calculated at minimum wage if the employee is paid below that rate); *see* 29 U.S.C. § 207; 29 C.F.R. § 778.107.

Here, Plaintiff sufficiently alleges that she worked overtime at a payrate of either $9 or $9.50 per hour. (Compl. ¶¶ 51–53). Courts calculate unpaid overtime premium "for each pay period by dividing the statutory mandated minimum wage in half to determine what each Plaintiff was underpaid for each hour that they were entitled to receive time and a half pay." *Ore v. H & C Cleaning Corp.*, No. 22-CV-20 (AMD) (RER), 2022 WL 19520879, at *12 (E.D.N.Y. Dec. 14, 2022), *adopted by* 2023 WL 2522814 (Mar. 15, 2023). The Court's calculations are outlined below:

| Pay Period | Actual Regular Hourly Rate | Applicable Statutory Minimum Wage | Min. OT Premium (Stat. Min. Wage/2) | OT Hours Worked per Week | Weeks Worked | Unpaid OT Wages |
|---|---|---|---|---|---|---|
| 5/17/2020-6/30/2020 | $9.00 | $15.00 | $7.50 | 15 | 5 | $562.50 |
| 7/1/2020-9/15/2020 | $9.00 | $15.00 | $7.50 | 1 | 8 | $60.00 |
| 7/1/2020-9/15/2020 | $9.00 | $15.00 | $7.50 | 13 | 3 | $292.50 |
| 9/16/2020-12/31/2020 | $9.50 | $15.00 | $7.50 | 1 | 12 | $90.00 |
| 9/16/2020-12/31/2020 | $9.50 | $15.00 | $7.50 | 13 | 3 | $292.50 |
| 1/1/2021-1/31/2021 | $9.50 | $15.00 | $7.50 | 0 | 4 | -- |
| 2/1/2021-2/28/2021 | $9.50 | $15.00 | $7.50 | 0 | 4 | -- |
| 3/1/2021-3/5/2021 | $0.00 | $15.00 | $7.50 | 5 | 1 | $37.50 |
| | | | | | **Total Unpaid Overtime Wages** | **$1,335.00** |

Therefore, Plaintiff is entitled to recover $1,335 for unpaid overtime wages.

B.  Unpaid Spread-of-Hours Compensation under the NYLL

The NYLL entitles employees to one hour's pay at the basic minimum hourly wage rate for any day in which the spread of hours exceeds ten hours. 12 N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.4. A plaintiff is only eligible to recover for spread-of-hours if they do not earn more than minimum wage. *Fermin*, 93 F. Supp. 3d at 45–46 (citations omitted). Here, Plaintiff asserts that

11

throughout her employment, her schedule included shifts that lasted longer than ten hours. (Compl. ¶¶ 45–49). Because she was paid below minimum wage, Plaintiff established a spread-of-hours claim. From July through December 2020 and from March 1, 2021, through March 5, 2021, Plaintiff worked more than ten hours per day three times per week. (*Id.* ¶¶ 45, 49). Accordingly, Plaintiff is entitled to one extra hour of pay at minimum wage for each of those days. The Court calculates this by multiplying the number of weeks worked by the number of eligible days per week by the applicable wage rate. Therefore, Plaintiff is entitled to recover $1,215.

    C. <u>NYLL Wage Notice and Wage Statement Violations</u>

The NYLL requires employers to notify employees of "the rate or rates of pay and basis thereof" in writing and in English or in the employees' primary language. N.Y. Lab. Law § 195(1). If an employee does not receive this wage notice within ten business days of the first date of their employment, that employee may recover fifty dollars in civil damages for each workday that the violation continues, up to 100 workdays. N.Y. Lab. Law § 198(1-b). Likewise, employers must provide employees with a wage statement for every payment of wages that lists the dates of work covered by that payment, the employee's name, and the rates of pay, and the employer's name, address, and phone number. N.Y. Lab. Law § 195(3). Employees may recover $250 for each workday that the violations occurred, up to a maximum of five thousand dollars. N.Y. Lab. Law § 198(1-d). Here, Plaintiff claims that she was not provided with any wage notice in English or Spanish, her primary language, nor was she provided with an accurate statement of her wages. (Compl. ¶¶ 61–62). Accordingly, Plaintiff is entitled to recover $5,000 under NYLL § 195(1) and $5,000 under NYLL § 198(1-b).

D. <u>Reimbursements for Unlawful Deductions and Purchasing Tools of the Trade</u>

The FLSA and NYLL prohibit employers from making unauthorized deductions from wages, such as for cash shortages or for requiring employees to purchase required tools of the trade if purchasing such tools brings their wages below the required minimum wage. 29 C.F.R. § 531.35; 12 N.Y. Comp. Codes R. & Regs. tit. 12, § 146–2.7. Here, Plaintiff alleges that Defendants deducted $50 on one occasion and $62.50 on another occasion from her wages to balance out the cash register. (Compl. ¶ 59). She also claims that Defendants required her to purchase her own uniform shirts, hats, and shoes, totaling $530. (*Id.* ¶ 62; Pl. Decl. ¶ 35). Plaintiff sufficiently establishes liability for purchasing tools of the trade and unauthorized wage deductions. Consequently, she is entitled to reimbursements in the amount of $642.50.

E. <u>Liquidated Damages</u>

Both the FLSA and NYLL provide for a liquidated damages award of equal to the amount of their unpaid wages. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). However, a plaintiff is not entitled to recover liquidated damages under both statutes. *Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x. 59, 61 (2d Cir. 2016) (summary order). When a defendant is liable for liquidated damages under both statutes, the court should award liquidated damages under the statute that provides for the most recovery. *New Fresca Tortillas*, 2019 WL 3716199, at *6. Here, Plaintiff can recover under the NYLL because the statute allows recovery for damages for more claims. *Id.* n.15 (under the NYLL, Plaintiff's damages include the spread-of-hours claims, which is not available under the FLSA, in addition to unpaid minimum and overtime wages).

If an employer acted in good faith, then a court has discretion as to whether to award liquidated damages. N.Y Lab. Law § 663(1). But an employer who defaults "fails to make a showing of good faith." *Santos*, 2022 WL 1003812, at *5. Therefore, I respectfully recommend that the Court award

13

Plaintiff 100% of the minimum wage, overtime, and spread-of-hours damages she is entitled to under the NYLL in liquidated damages, for a total of $12,741.50.

F. Pre-Judgment Interest

Plaintiff requests pre-judgment interest on damages. (Compl. ¶ 22). The NYLL entitles plaintiffs to recover pre-judgment interest on unpaid minimum wages, overtime wages, and spread-of-hours damages, but not on liquidated or statutory damages. *Rene French Cleaners, Inc.*, 2022 WL 4646866, at *11 (citations omitted). In New York, pre-judgment interest is calculated at the rate of nine percent per year. N.Y. C.P.L.R. § 5004. When a plaintiff incurs damages at various times, interest is computed "upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b); *see also Santana v. 82 Food Corp.*, 19-CV-4733 (SMG), 2020 WL 9814100, at *11–12 (July 10, 2020) (selecting the midpoint of the plaintiff's employment as the "single reasonable intermediate date" to calculate pre-judgment interest).

Applying these standards, the Court calculates pre-judgment interest owed to Plaintiff from October 15, 2020, the midpoint between her start date of May 27, 2020, and end date of March 5, 2021. (Compl. ¶ 21). Accordingly, I respectfully recommend that Plaintiff be awarded $3,430.78 in pre-judgment interest, plus $3.14 per diem until the date that judgment is entered by the Clerk of the Court.[6]

---

[6] Pre-judgment interest is calculated using the following formula: (total compensatory damages due to plaintiff) × (.09/365) × (number of days from midpoint date to the date the Clerk of the Court enters judgment). Here: Total Compensatory Damages ($12,741.50) × (.09/365) × (1,092 [days between 10/15/2020 and 10/12/2023]) = $3,430.78.

Per diem interest is calculated as follows: Total Compensatory Damages ($12,741.50) × (.09/365) = $3.14.

G. Post-Judgment Remedies

If ninety days after judgment is entered the judgment is not paid or an appeal is not pending, Plaintiff seeks that the total amount of judgment be increased by fifteen percent.[7] (Compl. at 22; Pl. Mem. at 14). The NYLL states that "[a]ny judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." N.Y. Lab. Law §§ 198(4). Here, damages are awarded under the NYLL. Therefore, Plaintiff's damages should be increased by fifteen percent if damages remain unpaid ninety days after judgment is entered and if no appeal is pending.

H. Attorneys' Fees

The FLSA and NYLL both allow for recovery of reasonable attorney's fees. 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663(1). A fee applicant "bear[s] the burden of proving the reasonableness and the necessity of the hours spent and the rates charged." *Palaghita v. Alkor Capital Corp.*, 2021 WL 4464121, at *12 (E.D.N.Y. 2021) (citations omitted). The party's request must be accompanied by contemporaneous time records that include the hours expended and the nature of the work done. *New Fresca Tortillas*, 2019 WL 3716199, at *8. "Generally, a reasonable rate is determined by multiplying the reasonable numbers of hours spent on a case by a reasonable hourly rate based on the prevailing hourly rate for similarly experienced attorneys in the district in

---

[7] In her Complaint, Plaintiff seeks post-judgment interest under the FLSA, in addition to the automatic fifteen percent increase under the NYLL. Some courts in this Circuit find that a plaintiff is entitled to both remedies, whereas others award only one. *Compare Jacome v. Optical 49, Inc.*, No. 20-CV-2615 (DG) (PK), 2021 WL 3375134, at *13 (E.D.N.Y. July 9, 2021) (recommending both post-judgment interest and the NYLL penalty), *adopted by* 2021 WL 3373130 (Aug. 3, 2021) *with Montello-Espana v. Cooking Light, Inc.*, No. 14-CV-1433 (SJ) (RLM), 2016 4147143, at *8 (E.D.N.Y. Aug. 4, 2016) (since damages were awarded under the NYLL, the NYLL penalty applies). However, in her memorandum of law and lawyer's declaration in support of default judgment, Plaintiff only seeks the automatic increase under the NYLL. (Pl. Mem. at 14; ECF No. 31). Accordingly, the Court only evaluates the post-judgment automatic increase.

15

which the court sits." *Santos*, 2022 WL 1003812, at *8. In FLSA cases in the Eastern District of New York, reasonable hourly rates range from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff. *Martinez v. New 168 Supermarket LLC*, No. 19-CV-4526 (CBA) (SMG), 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 19, 2020), *adopted by* 2020 WL 5259056 (Sept. 30, 2020).

The FLSA and NYLL are "straightforward" and "relatively simple," and the work in this case is considered "particularly simple because it [is] resolved on a motion for default judgment." *Sevilla v. House of Salads One LLC*, No. 20-CV-6072 (PKC) (CLP), 2022 WL 954740, at *12 (E.D.N.Y. Mar. 30, 2022). Notwithstanding the fact that this case should be relatively straightforward, Plaintiff's first motion for default judgment was denied due to a myriad of procedural and statutory issues, and the documents submitted throughout the course of this action are littered with typos and inconsistencies. (ECF No. 21; *see, e.g.*, Compl. ¶ 45 (incorrectly applying "Monday through Friday" to a six-day workweek); Pl. Mem. at 4 (stating different hours than those alleged in the Complaint), 18 (misstating the attorney's costs)). Plaintiff's counsel seeks an award of $7,257.50 in attorney's fees for 31 hours worked, and submitted contemporaneous time records detailing dates, hours, and the nature of the work performed. (Pl. Mem. at 15; ECF No. 31-10 ("Att'y Records")). Specifically, Plaintiff's attorneys seek hourly rates of $400 for William K. Oates, $350 for Catalina Sojo, $350 for Frank Palermo, and $125 for paralegal work. (Pl. Mem. at 15).

Mr. Oates is an associate at C.S.M. Legal, P.C. with over twenty years of experience in labor and employment law and civil and commercial litigation. (Pl. Mem. at 16). The proposed rate is higher than what courts in this District typically award senior associates. Consequently, the Court respectfully recommends that Mr. Oates' rate be reduced to $350 per hour. *See Montanes v. Avani*

*Pizza 2, Inc.*, 21-CV-586 (ERK) (RLM), 2022 WL 17820103, at *8 (Oct. 20, 2022) (lowering Mr. Oates' rate from $400 to $350 per hour), *adopted by* Order dated 11/14/2022.

Ms. Sojo completed her legal education in 2019 and has approximately three years of litigation experience. (Pl. Mem. at 16). $350 per hour is in the range that courts generally award for partners. Considering that Ms. Sojo was largely responsible for reviewing documents (*see* Att'y Records) and the many errors in the documents, in addition to the fact that Ms. Sojo has only practiced law for approximately four years, the Court finds that a reasonable rate is $175 per hour. *See Sevilla*, 2022 WL 954740, at *12 (lowering Ms. Sojo's rate from $350 per hour to $175 per hour).

Mr. Palermo graduated from law school in 2017 and is described as an associate attorney who, prior to joining C.S.M. Legal P.C. in March 2022, focused on personal injury and construction accidents. (Pl. Mem. at 16–17). It appears that Mr. Palermo only reviewed the docket and prepared the initial default documents. (Att'y Records). However, as stated, the initial request for default was denied due to lack of compliance with multiple procedural rules. Accordingly, the Court finds that $200 is appropriate for an associate with Mr. Palermo's experience.

Plaintiff's counsel provides the names and backgrounds of three paralegals, who they state are billed at a rate of $125 per hour. (Pl. Mem. at 17–18). In this District, $125 per hour for paralegal work in a default wage and hour case is excessive. *See Montanes*, 2022 WL 17820103, at *8 (collecting cases for the proposition that in default judgment cases, paralegals are typically awarded a $75 hourly rate). Consequently, the Court recommends that the paralegal hourly rate be lowered to $75 per hour.

Next, the court must determine the reasonableness of the number of hours expended by counsel. *New 168 Supermarket LLC*, 2020 WL 5260579, at *9. Courts examine the contemporaneous time records to exclude what appears to be excessive or unnecessary hours and

"with a view to the value of the work product of the specific expenditures to the client's case." *Id.* (citations and quotations omitted). Here, Plaintiff's counsel claims that they worked 31 hours. The time records include sufficient notes as to what each hour entailed (Att'y Records), and the Court does not find that the work is excessive.

Therefore, the reasonable attorney's fee is calculated as follows:

| Timekeeper | Requested Rates | Approved Rates | Hours | Fees |
|---|---|---|---|---|
| William K. Oates | $400 | $350 | 3.3 | $1,155 |
| Catalina Sojo | $350 | $175 | 7.8 | $1,365 |
| Frank Palermo | $350 | $200 | 3.2 | $640 |
| Paralegals | $125 | $75 | 16.7 | $1,252.50 |
| | | | **Total Attorney Fees** | **$4,413** |

I. Attorney's Costs

When a party is awarded attorney's fees, it is also entitled to compensation for "those reasonable out-of-pocket expenses incurred by attorney and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (quotations omitted). Plaintiff seeks to recover costs of $402 for the filing fee, $399.20 for service of process, and $150 in relation to the investigation and affidavits affirming that Individual Defendants are not associated with the U.S. military. (Att'y Records). The filing fee is noted on the docket (ECF No. 1), and Plaintiff provides receipts for all other costs. Plaintiff is therefore entitled to $951.20.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court grant Plaintiff's motion for default judgment against Defendants, jointly and severally, and award Plaintiff (1) damages totaling $12,741.50, consisting of unpaid minimum, overtime, and spread-of-hours wages, (2) $10,000 for wage notice and statement violations, (3) $642.50 for reimbursements from

purchasing tools of the trade and unauthorized wage deductions, (4) $12,741.50 for liquidated damages, (5) pre-judgment interest on $12,741.50 at a rate of nine percent per year from October 15, 2020, until the date final judgment is entered, (5) the fifteen percent penalty under the NYLL if damages remain unpaid and no appeal is pending, and (6) $4,413 in attorney's fees and $951.20 in costs.

Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendants by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Ann M. Donnelly within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

Hon. Ramon E. Reyes, Jr.
Digitally signed by Hon. Ramon E. Reyes, Jr.
Date: 2023.10.12 12:55:01 -04'00'

---

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: October 12, 2023
Brooklyn, NY